T.C. Memo. 1997-373

UNITED STATES TAX COURT

JOHNNIE EVERAGE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2752-97.                    Filed August 18, 1997.


Johnnie Everage, pro se.

<u>Steven R. Guest</u>, for respondent.


MEMORANDUM OPINION

POWELL, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.[1]

_____

[1]  Section references are to the Internal Revenue Code in effect for the year at issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's 1994 Federal income tax in the amount of $1,820.  Petitioner resided in Milwaukee, Wisconsin, at the time the petition was filed.

The only issue is whether Social Security benefits received by petitioner in 1994 in the amount of $6,511 are includable in gross income.

The facts may be summarized as follows.  Petitioner was employed by the U.S. Postal Service until 1988.  In that year, he was retired.  Petitioner did not receive a pension at that time. In 1991, petitioner started drawing Social Security benefits.  In 1994, petitioner was awarded a pension from the Postal Service and received a lump-sum payment in the amount of $34,853 for his pension from 1988.  During 1994, petitioner also received $7,909 in Social Security benefits.

On his 1994 Federal income tax return, petitioner reported the $34,853 received from the Postal Service.  He did not report any income from the Social Security Administration.  Upon examination of that return, respondent determined that $6,511 of the Social Security benefits should have been included in gross income.

Petitioner and respondent agree that petitioner received $34,853 from the Postal Service and that of that amount $33,053 is includable in gross income.  Petitioner does not dispute that he received $7,909 from the Social Security Administration, but

he contends that the Social Security benefits are not includable in gross income.

Section 86 governs the taxability of Social Security benefits. That section, which is complex and cannot be parsed easily, provides in relevant part:

> (a)  In General.--
>
>    (1)  In general.--Except as provided in paragraph (2), gross income for the taxable year of any taxpayer described in subsection (b) (notwithstanding section 207 of the Social Security Act) includes social security benefits in an amount equal to the lesser of--
>
>       (A) one-half of the social security benefits received during the taxable year, or
>
>       (B) one-half of the excess described in subsection (b)(1).
>
>    (2) Additional amount.--In the case of a taxpayer with respect to whom the amount determined under subsection (b)(1)(A) exceeds the adjusted base amount, the amount included in gross income under this section shall be equal to the lesser of--
>
>       (A) the sum of--
>
>          (i) 85 percent of such excess, plus
>
>          (ii) the lesser of the amount determined under paragraph (1) or an amount equal to one-half of the difference between the adjusted base amount and the base amount of the taxpayer, or
>
>       (B) 85 percent of the social security benefits received during the taxable year.
>
> (b) Taxpayers to Whom Subsection (a) Applies.--

(1) In general.--A taxpayer is described in this subsection if--

(A) the sum of--

(i) the modified adjusted gross income of the taxpayer for the taxable year, plus

(ii) one-half of the social security benefits received during the taxable year, exceeds

(B) the base amount.

(2) Modified adjusted gross income.--For purposes of this subsection, the term "modified adjusted gross income" means adjusted gross income--

(A) determined without regard to this section and sections 135, 911, 931, and 933, and

(B) increased by the amount of interest received or accrued by the taxpayer during the taxable year which is exempt from tax.

(c) Base Amount and Adjusted Base Amount.-- For purposes of this section--

(1) Base amount.--The term "base amount" means--

(A) except as otherwise provided in this paragraph, $25,000,

(B) $32,000 in the case of a joint return, and

(C) zero in the case of a taxpayer who--

(i) is married as of the close of the taxable year (within the meaning of section 7703) but does not file  a joint return for such year, and

(ii) does not live apart from his spouse at all times during the taxable year.

(2) Adjusted base amount.--The term "adjusted base amount" means--

(A) except as otherwise provided in this paragraph, $34,000,

(B) $44,000 in the case of a joint return, and

(C) zero in the case of a taxpayer described in paragraph (1)(C).

Petitioner's adjusted gross income and modified adjusted gross income are the same--$33,053.  His "base amount" was $25,000.  Sec. 86(c)(1)(A).  His "adjusted base amount" is $34,000.  Sec. 86(c)(2)(A).  Under section 86(b)(1) petitioner's modified adjusted gross income ($33,053) plus one-half of the Social Security benefits ($3,955) totaling $37,008 exceeds the "adjusted base amount" of $34,000.  Accordingly, under section 86(a)(2) the amount of the Social Security benefits to be included in petitioner's gross income is equal to the lesser of $6,512 (the sum of 85 percent of the excess of $3,008 ($37,008 less $34,000) or $2,557 plus the lesser of $4,500 which is one-half of the difference between the "adjusted base amount" ($34,000) and the "base amount" ($25,000) or one-half of the benefits received ($3,955)), or 85 percent of the Social Security benefits ($7,909) or $6,723.  Respondent included $6,511 in gross income.[2]

---

[2] The difference is due to rounding.

Petitioner does not dispute the accuracy of respondent's calculation. Rather, petitioner argues that, if he had, as he should have, received the payments from the Postal Service ratably over the years for which they were paid (1988 to 1994), he would have paid no tax on the Social Security benefits received in 1994 because his income would not have exceeded either the "base amount" or the "adjusted base amount". Thus, the "bunching" of the Postal Service income produces this anomalous situation.

Petitioner's chagrin and frustration may be understandable. Nonetheless, we must apply the statutes as Congress wrote them and we do not have the power to rewrite section 86 to avoid this anomaly. See <u>Huntsberry v. Commissioner</u>, 83 T.C. 742, 747-748 (1984). Unfortunately for petitioner Congress did not ameliorate the effect of the "bunching" of income from other sources when it enacted section 86. Accordingly, respondent's determination must be sustained.

<u>Decision will be entered for respondent</u>.